IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AUSTIN DARNELL HOOD ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 23 CV 15591 |
| v. ) | |
| ) | |
| LOCKPORT POLICE DEPARTMENT – ) | |
| TERRY LEMMING ) | |
| ) | |
| Defendant. ) | |

## LEMMING'S MOTION TO QUASH SERVICE OF SUMMONS

Defendant, Terrence Lemming, through his attorneys, Reimer Dobrovolny & LaBardi PC, respectfully moves to quash Plaintiff's Summons in a Civil Action ("Summons"), and for any and all relief the Court deems just and proper. In support, Lemming submits an Affidavit, which is being filed contemporaneously with this Motion and is incorporated below.

I.  FACTS

On January 1, 2014, Lemming became the Chief of Police at the Lockport Police Department. On August 16, 2021, Lemming resigned from that position. On October 19, 2023, over two years after Lemming resigned as Chief of Police at the Lockport Police Department, Plaintiff committed the alleged offense that serves as the basis of his lawsuit. On January 29, 2024, Plaintiff filed his Complaint against multiple Defendants, including Lemming in his capacity as a member of the Lockport Police Department. On June 19, 2024, Plaintiff served his Summons, dated June 18, 2024, and Complaint on the Lockport Police Department, instead of Lemming. On June 20, 2024, counsel for Defendant James Truhlar, a police officer employed by the Lockport Police Department, informed Lemming via email that he was named as a co-defendant in a lawsuit filed by Plaintiff.

1

II.     ARGUMENT

Lemming should be dismissed under Fed. R. Civ. P. 12(b)(5) from this lawsuit because he was not properly served with Summons and Complaint.

A. <u>Plaintiff Served Summons and Complaint on the Wrong Defendant.</u>

Plaintiff's service of Summons and Complaint was faulty because he sent them to Lemming's former employer instead of (1) personally serving him, (2) leaving a copy at his "dwelling or usual place of abode," or (3) serving an authorized or appointed agent as required per Fed. R. Civ. P. 4(e). Further, Plaintiff failed to serve Summons and Complaint in a manner authorized by Illinois state law. Rule 4(e) states:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Plaintiff failed to serve his summons and complaint to Lemming personally as required per Fed. R. Civ. P. 4(e)(2)(A). Instead, Plaintiff erroneously served the summons and complaint on the Lockport Police Department at 1212 South Farrell Road, Lockport, IL 60441. At that time, Lemming was no longer employed by the Lockport Police Department in any capacity. As required by Rule 4(e)(2)(B) or (C), the Lockport Police Department is neither the Plaintiff's "dwelling or usual place of abode" nor an "agent authorized by appointment or by law to receive service of

2

process." Therefore, Plaintiff's Summons and Complaint should be quashed by this Court because it was improperly served on the wrong party per Fed. R. Civ. P. 4(e).

B. <u>Plaintiff's Service of Summons and Complaint Was Not Timely.</u>

Plaintiff failed to serve summons and complaint within 90 days of filing as required per Fed. R. Civ. P. 4(m). Rule 4(m) states in relevant part:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time…

Plaintiff filed his Complaint on January 29, 2024. Plaintiff had until April 28, 2024 to serve Lemming with Summons. It was only on June 19, 2024 that Plaintiff first served Summons and Complaint intended for Lemming on the Lockport Police Department, which had no authority to accept service on behalf of Lemming, past the deadline to do so. On June 20, 2024, Plaintiff first learned about the lawsuit when an attorney working for Lockport forwarded Summons and Complaint to Lemming. Plaintiff's service is untimely, and this Court should dismiss Lemming from this action per Rule 4(m).

### III. CONCLUSION

For the foregoing reasons, Defendant, Terrence Lemming, requests Plaintiff's Summons be quashed and for any and all other just and proper relief.

Dated: July 11, 2024            Respectfully submitted,

TERRENCE LEMMING

*/s/ Richard J. Reimer*
*One of his attorneys*
Richard J. Reimer (ARDC No. 6195712)
Reimer Dobrovolny & Labardi PC
15 Spinning Wheel Rd., Suite 310
Hinsdale, IL 60521
(630) 654-9547
rreimer@rdlaborlawpc.com

3