IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOOD, AUSTIN DARNELL, <br> HOOD, AUSTIN D, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER TRUHLAR #132, <br> CHIEF TRACY S. CHAPMAN, and <br> WILL COUNTY POLICE DEPARTMENT <br><br> Defendants. | Case No. 23 CV 15591 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Truhlar's motion to strike Plaintiff's second amended complaint and quash summons to Lockport Police Chief Harang [44]. For the reasons below, the Court strikes Plaintiff's second amended complaint [42], dismisses Plaintiff's first amended complaint [13] with prejudice, and denies the portion of Defendant Truhlar's motion to quash summons to Defendant Harang as moot.

Plaintiff initiated this action on November 2, 2023 [1]. The Court dismissed Plaintiff's complaint of its own accord for failure to state a claim, without prejudice [9]. Plaintiff amended his complaint [13], to which Defendant Chapman timely filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6) on July 11, 2024 [37]. Plaintiff then filed a second amended complaint on September 10, 2024 without leave of court or consent of any defendant [42]. During a status hearing held on November 22, 2024, the Court gave Plaintiff leave to file a third and final amended complaint by December 16, 2024. Plaintiff did not file an amended complaint by such deadline. The Court therefore took Defendant Truhlar's motion [44] under advisement.

1

The Court finds that Plaintiff's second amended complaint is untimely. Federal Rule of Civil Procedure 15(a)(1) permits a plaintiff to amend its complaint once as of right no later than (a) 21 days after serving it, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Because Plaintiff filed his second amended complaint more than 21 days after service of Defendant Harang's motion to dismiss pursuant to Rule 12(b), and because he received neither leave of court nor consent by any defendant to file another amended complaint, Plaintiff's second amended complaint is improper. The Court therefore strikes Plaintiff's second amended complaint, rendering his first amended complaint as the operative complaint.

Because Plaintiff brings his case *pro se*, the Court reviews Plaintiff's first amended complaint to determine if it (i) is frivolous or malicious; (ii) fails to state a claim; or (iii) seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Although the Court construes *pro se* complaints liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), a plaintiff fails to state a claim where it "present[s] a vague, confusing, and conclusory articulation of the factual and legal basis for the claim and [takes] a general 'kitchen sink' approach to pleading the case." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946-47 (7th Cir. 2013) (quoting *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011)) (internal quotations omitted).

Plaintiff's first amended complaint fails to state a claim. Even assuming that it sufficiently names the Lockport Police Department as a defendant, Plaintiff's first amended complaint, like his original complaint, lacks the clarity necessary to put defendants on notice of the claims against them. Like his original complaint, Plaintiff again challenges the constitutionality of Illinois's False Claims Act, 740 ILCS 175/1 et seq., challenges the Court's jurisdiction over him, asks the Court to intervene in state court cases, and suggests that his Fourth Amendment rights were violated. Also like his original complaint, it is unclear how the factual allegations set forth in the first amended complaint

relate to any of these legal theories or entitle Plaintiff to relief. Among other unclear allegations, Plaintiff describes interactions with an Illinois state court judge, who is not a named defendant, as well as traffic stops involving Defendant Truhlar of the Lockport Police Department, about which Plaintiff pleads no facts indicating any misconduct or showing that he is entitled to relief. *See Taha v. Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020) ("When a complaint's facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)) (internal quotations omitted). Although the Court, in dismissing the original complaint, advised that Plaintiff, should he choose to file an amended complaint, "make clear how each legal theory relates to each defendant," Plaintiff's first amended complaint appears to contain *fewer* and *more vague* factual allegations than his original complaint.

Because Plaintiff's claims are not sufficiently coherent to satisfy the liberal pleading standard, the Court dismisses Plaintiff's first amended complaint with prejudice, as Plaintiff has been given two opportunities to amend and, in both instances, failed to cure pleading deficiencies. *See Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (finding that plaintiff's "failure to fix [the] shortcomings [the district court "spelled out"] provides ample grounds for dismissal"). The Court believes that further amendment would be futile. The Court also grants the portion of Defendant Truhlar's motion to strike Plaintiff's second amended complaint and denies the portion of such motion seeking to quash summons to Lockport Police Chief Harang as moot [44]. Case is terminated.

**IT IS SO ORDERED.**

_____
Sharon Johnson Coleman
United States District Judge

DATED: 1/6/2025

3